## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPECTOR GADON & ROSEN, P.C. | : | |
| 1635 Market Street, 7th Floor | : | |
| Philadelphia, PA 19103, | : | Civil Action No. |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT M. FISHMAN | : | |
| 2316 Clover Lane | : | |
| Northfield, IL 60093 | : | |
| | : | |
| *Defendant.* | : | |

## COMPLAINT

Plaintiff, Spector Gadon & Rosen, P.C., ("SGR"), complains against defendant Robert M. Fishman ("defendant") as follows:

1.     This is an action to collect unpaid legal fees and out-of-pocket expenses of $129,264.70 SGR incurred, plus interest, for legal services SGR performed at the request and for the benefit of defendant.

## PARTIES

2.     SGR is a Pennsylvania professional corporation organized for the practice of law with its principal place of business at 1635 Market Street, 7th Floor, Philadelphia, PA 19103.

3.     Defendant is an individual citizen of Illinois.

## JURISDICTION & VENUE

4.     The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332

because the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Venue is proper under to 28 U.S.C. § 1391 because all of the events giving rise to the claim occurred in this district.

### STATEMENT OF FACTS

6.      On or about May 16, 2007, defendant entered into a retainer agreement (the "Agreement") with SGR to provide legal services arising out of employment issues. A true and correct copy of the Agreement is attached hereto and incorporated herein by reference as Exhibit "A".

7.      SGR performed legal services for defendant in accordance with the Agreement. Those services included, without limitation, representing plaintiff in an employment dispute with United American Indemnity, Ltd., located in Pennsylvania.

8.      Pursuant to the Agreement, defendant initially paid the invoices SGR sent defendant monthly for the legal services it performed on its behalf. Defendant made payments on the invoices through December 2008, but thereafter ceased. True and correct copies of a summary of and the unpaid invoices are attached hereto and incorporated herein by reference collectively as Exhibit "B".

9.      Defendant never objected to the amounts due and owing as set forth in the invoices.

10.      There is currently due and owing to plaintiff from defendant $129,264.70 for legal services rendered and out-of-pocket expenses incurred, all as set forth in the statements of account attached at Exhibit B. In addition, a finance fees has been assessed on the unpaid balance at the rate of 18% per year.

11.    SGR has repeatedly requested payment of the amounts due, but defendant has failed and/or refused to pay.

12.    SGR conferred a valuable benefit upon defendant by performing legal services for defendant.

13.    Defendant accepted, used and enjoyed the benefits of the legal services performed by SGR on its behalf

14.    It is inequitable for defendant to have accepted, used and enjoyed the benefits of SGR's legal services on his behalf, without paying for them.  Plaintiff reasonably expected to be paid by defendant for the legal services it performed on his behalf.

## COUNT I
## BREACH OF CONTRACT

15.    SGR incorporates paragraphs 1-14 of this Complaint as though more fully set forth herein.

16.    As set forth herein, SGR and defendant entered into the Agreement.

17.    As set forth herein, defendant breached the Agreement.

18.    As set forth herein, as a result of defendant's breach of the Agreement, SGR has suffered $129,264.70, in damages, plus interest, and costs.

WHEREFORE, Plaintiff requests the Court to enter a judgment against defendant in the amount in excess of $75,000, to award plaintiff the costs of this action, and to award such further relief as is just and equitable.

## COUNT II
## ACCOUNT STATED

19.    SGR incorporates paragraphs 1-18 of this Complaint as though more fully set

forth herein.

20.     As set forth herein, an account stated has been established between the parties.

21.     As set forth herein, plaintiff is entitled to $129,264.70.

WHEREFORE, Plaintiff requests the Court to enter a judgment against defendant in the amount in excess of $75,000, award plaintiff the costs of this action, and award such further relief as is just and equitable.

## COUNT III
## QUANTUM MERUIT

22.     SGR incorporates paragraphs 1-21 of this Complaint as though more fully set forth herein.

23.     As set forth herein, SGR conferred a valuable benefit upon defendant by performing legal services for it.

24.     As set forth herein, defendant accepted, used and enjoyed the benefits of the legal services performed by SGR.

25.     As set forth herein, it is inequitable for defendant to retain the benefits in question without compensating SGR.

26.     As set forth herein, SGR expended time and labor performing legal services for defendant, which it used, accepted and enjoyed as a result of plaintiff's efforts.

27.     As set forth herein, SGR reasonably expected to be paid for performing legal services for defendant.

28.     As set forth herein, because of the relationship between the parties, SGR is entitled to receive the reasonable value of the benefits conferred upon defendant, which is in excess of $129,264.70.

WHEREFORE, Plaintiff requests the Court to enter a judgment against defendant in the amount in excess of $75,000, to award plaintiff the costs of this action, and to award such further relief as is just and equitable.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: _____
Daniel J. Dugan, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
215. 241.8872
215.241.8844(fax)
*ddugan@lawsgr.com*

May 16, 2013                                    *Attorney for Plaintiff*