UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. FISHMAN | : | |
| | : | |
| Plaintiff, | : | NO.: 13-5198 (lead) |
| | : | |
| v. | : | |
| | : | |
| ALAN B. EPSTEIN and | : | |
| SPECTOR GADON & ROSEN, P.C. | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPECTOR GADON & ROSEN, P.C. | : | |
| | : | |
| Plaintiff, | : | NO.: 13-2691 |
| | : | |
| v. | : | |
| | : | |
| ROBERT M. FISHMAN | : | |
| | : | |
| Defendant. | : | |

# ORDER

AND NOW this _____ day of _____, 2015, upon consideration of Plaintiff's Motion for Reconsideration, and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and the Order granting Defendants' Motion for Judgment on the Pleadings is VACATED.

Defendants' Motion for Judgment on the Pleadings is DENIED.

**AND IT IS SO ORDERED.**

_____
J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT M. FISHMAN | : | |
| | : | |
| Plaintiff, | : | NO.: 13-5198 (lead) |
| | : | |
| vi. | : | |
| | : | |
| ALAN B. EPSTEIN and | : | |
| SPECTOR GADON & ROSEN, P.C. | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPECTOR GADON & ROSEN, P.C. | : | |
| | : | |
| Plaintiff, | : | NO.: 13-2691 |
| | : | |
| vi. | : | |
| | : | |
| ROBERT M. FISHMAN | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Giving rise to this Motion for Reconsideration pursuant to F.R.C.P. 59(e) & 60(b)(1), (2) & (6), this Honorable Court entered its Order granting Defendants' Motion for Judgment on the Pleadings (Docket Nos. 25 & 26) – dismissing Plaintiffs' Complaint (Docket Nos. 44 & 45).

Respectfully requesting reconsideration, this Honorable Court's opinion upon its Order impermissibly rested predominantly on the underlying action's arbitrator's opinion (wherein that arbitrator refused to enforce settlement).

The arbitrator's opinion is not reviewable upon a Motion for Judgment on the Pleadings. (Docket Nos. 35, 42, 45 & 49); Schmidt v. Skolas, No. 13-3750 (C.A.3 October 17, 2014) (quoting Watterson v. Page, 987 F.2d 1, 3-4 (C.A.1 1993)).

Attempting to shoe-horn the arbitrator's opinion upon a Motion for Judgment on the Pleadings analysis, this Honorable Court held that the arbitrator's opinion was reviewable because it was relied upon and was integral to the operative pleading. On the contrary, the operative pleading (Docket No. 1) does not regard that arbitrator's Order integral nor incorporated by reference.  On the contrary, the operative pleading merely regards the fact of the arbitrator's opinion – not its propriety let alone certainly not the arbitrator's findings of fact giving rise.

Notwithstanding this Honorable Court's respectfully erred by impermissibly incorporating the arbitrator's opinion upon a Motion for Judgment on the Pleadings, this Court additionally erred by refusing to convert the Motion for Judgment on the Pleadings to one for summary judgment. (Doc. Nos. 35, 42, 45 & 49); In re Burlington Coat Facory Sec. Litig., 114 F.3d 1410, 1426 (C.A.3 1997).

Even if this Honorable Court upon reconsideration holds the arbitrator's order reviewable upon a Motion for Judgment on the Pleadings without converting that Motion to one for summary judgment (denied), this Honorable Court additionally erred by inculcating the arbitrator's findings of fact as here effectively claim preclusive. Werner v. Plater-Zybeck, 799 A.2d 776 (Pa.Super. 2002); *See generally*, In re Finney, 184 Fed.Appx. 285, 288 n.2 (C.A.3 (Pa) 2006) (citing Rue v. K-Mart Corp., 713 A.2d 82, 84 (Pa. 1998)); *See*, Kegerise v. Susquehanna Twp. School Dist., 2015 WL 106528, *15 (M.D.Pa.).  Said differently, even if the Order is reviewable (denied), the Findings of Fact giving rise to that Order: (1) are not admissible upon a Motion for Judgment on the Pleadings; and (2) even if they were (denied), those Findings of Fact are not claim preclusive.

Indeed, those Findings of Fact are not even admissible at any point in proceeding (even at trial) – let alone upon a Motion for Judgment on the Pleadings. <u>Rue</u>, *supra*.

In conclusion, this Honorable Court is respectfully requested to reconsider and vacate its Order granting Defendants' Motion for Judgment on the Pleadings: (1) the arbitrator's order is not reviewable upon a Motion for Judgment on the Pleadings; (2) if reviewable, the Motion must be converted to a Motion for Summary Judgment; and (3) even if the Order is admissible, the Findings of Fact giving rise are not (let alone claim preclusive).

WHEREFORE, Plaintiff respectfully requests this Honorable Court reconsider and vacate its Order granting Defendants' Motion for Judgment on the Pleadings thereby denying that Motion – consistent with the attached proposed Order.

In the alternative, Plaintiff respectfully requests this Honorable Court sever Plaintiff's action and then stay Defendants' previously consolidated affirmative action pending anticipated appeal.

                                           **WEISBERG LAW**

                                        <u>/s/ Matthew B. Weisberg</u>
                                        Matthew B. Weisberg, Esquire
                                        Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT M. FISHMAN | : | |
| | : | |
| Plaintiff, | : | NO.:   13-5198 (lead) |
| | : | |
| vii. | : | |
| | : | |
| ALAN B. EPSTEIN and | : | |
| SPECTOR GADON & ROSEN, P.C. | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| SPECTOR GADON & ROSEN, P.C. | : | |
| | : | |
| Plaintiff, | : | NO.:   13-2691 |
| | : | |
| vii. | : | |
| | : | |
| ROBERT M. FISHMAN | : | |
| | : | |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 6th day of April, 2015, a true and correct copy of the foregoing Plaintiffs' Motion for Reconsideration of Order granting Defendants' Motion for Judgment on the Pleadings was served via ECF, upon the following parties:

Joseph J. Santarone, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Daniel J. Dugan, Esq.
Spector Gadon & Rosen, P.C.
Seven Penn Center – 7th Floor
1635 Market Street
Philadelphia, PA 19103

**WEISBERG LAW**

<u>/s/ Matthew B. Weisberg</u>
Matthew B. Weisberg, Esquire
Attorney for Plaintiff