IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPECTOR GADON & ROSEN, P.C., <br><br> Plaintiff, <br><br> v. <br><br> ROBERT M. FISHMAN, <br><br> Defendant. | CIVIL ACTION <br> NO. 13-2691 (LEAD CASE) |
| ROBERT M. FISHMAN, <br><br> Plaintiff, <br><br> v. <br><br> ALAN B. EPSTEIN and SPECTOR GADON & ROSEN, P.C., <br><br> Defendants. | CIVIL ACTION <br> NO. 13-5198 <br><br><br> CONSOLIDATED CASES |

## OPINION

**Slomsky, J.**                                                                                   May 7, 2015

**I.     INTRODUCTION**

On April 6, 2015, Plaintiff Robert M. Fishman ("Fishman") filed a Motion for Reconsideration (Doc. No. 52) of the Court's March 30, 2015 Order (Doc. 51) granting Defendants Alan B. Epstein and Spector, Gadon & Rosen PC's ("Defendants") Motion for Judgment on the Pleadings on Fishman's legal malpractice claim filed under E.D. Pa. Civil Action Number 13-5198.

1

In the Motion for Reconsideration, Fishman asks the Court to reconsider its judgment, arguing that: (1) it was an error for the Court in its Opinion on the Motion to consider facts and conclusions stated in Arbitrator Melinson's Opinion; (2) by considering the Melinson Opinion, the Court erred in not converting the Motion for Judgment on the Pleadings into one for summary judgment; and (3) the Court improperly treated the findings of fact in the Melinson Opinion on whether there was a settlement agreement between Fishman and his employer, UAI, as "effectively claim preclusive" in the legal malpractice claim that was the subject of the Motion for Judgment on the Pleadings. (Doc. No. 52 at 3-4.)

## II.     STANDARD OF REVIEW

"[F]ederal courts have a strong interest in the finality of judgments," and therefore grant motions for consideration sparingly. Continental Cas. Co. v. Diversified Indus., 884 F. Supp. 937, 943 (E.D. Pa. 1995). Where the movant is "ask[ing] the Court to rethink what [it] had already thought through," reconsideration will be denied. Glendon Energy Co. v. Bor. of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (citation and internal quotation marks omitted). Similarly, this Court has consistently held that "mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Boardakan Rest. LLC v. Atl. Pier Assocs., LLC, No. 11–5676, 2013 WL 5468264, at *4 (E.D. Pa. Oct. 2, 2013) (internal citation and quotation marks omitted).

A motion for reconsideration will only be granted on one of three grounds: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 399 (E.D. Pa. 2002) (quoting Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa.1994)).

A motion for reconsideration "addresses only factual and legal matters that the court may have overlooked." Glendon Energy Co., 836 F. Supp. at 1122. "When a motion for reconsideration raises only a party's disagreement with a decision of the court, that dispute should be dealt with in the normal appellate process, not on a motion for reargument." Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988)) (internal quotation marks omitted).

### III.   ANALYSIS

Fishman does not list in his Motion for Reconsideration the three grounds for reconsideration set forth in Blue Mountain Mushroom.  Therefore, the Court has to determine on which ground he relies.  In the Motion, Fishman does not state that there has been either (1) an intervening change in controlling law or (2) available new evidence, thus eliminating the first two Blue Mountain Mushroom factors as possible grounds for relief.  Instead, Fishman apparently is arguing that the Court committed a clear error of law, relying on the third factor.

#### A.   Consideration of the Melinson Opinion Did Not Constitute an Error of Law

First, Fishman argues that the Court improperly "shoe-horned" Arbitrator Melinson's opinion in its analysis of Defendants' Motion for Judgment on the Pleadings.  (Doc. No. 52 at 3.) Fishman states:

> [T]his Honorable Court held that the arbitrator's opinion was reviewable because it was relied upon and was integral to the operative pleading.  On the contrary, the operative pleading does not regard that arbitrator's Order nor incorporated [sic] by reference.  On the contrary, the operative pleading merely regards the fact of the arbitrator's opinion—not its propriety let alone certainly not the findings of fact giving rise [sic].

(Id.)

3

In support of his position, Plaintiff now relies on Schmidt v. Skolas, a 2014 Third Circuit decision in which the court held that the district court erred in considering certain documents attached to a motion to dismiss. 770 F.3d 241, 249 (3d Cir. 2014). Although Fishman did not cite Schmidt in his memorandum in opposition to the Motion for Judgment on the Pleadings, Fishman cites Schmdit in his current Motion for the proposition of law that the critical determination as to whether a document can be considered is "whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." Id. at 249. Although the Court did not expressly rely on Schmidt in the Opinion granting Defendants' Motion for Judgment on the Pleadings, the Court explicitly found that Fishman's Complaint went beyond merely citing the Melinson Opinion. On the contrary, the Court found that the Melinson Opinion was integral to the Complaint:

> Not only does Fishman explicitly cite the Melinson Opinion in the Complaint, he also relies on arbitrator Melinson's denial of his motion to enforce the terms of the proposed settlement as being integral to his claims alleged here because it serves as a crucial link in the chain of events leading to Fishman's malpractice claim: had the arbitrator ruled in Fishman's favor, the underlying employment matter would have settled for $1,000,000 and this action would not have been filed.

See Spector Gadon & Rosen, PC v. Fishman, Nos. 13-2691, 13-5198, 2015 WL 1455692, at *7 (E.D. Pa. Mar. 31, 2015). The Court also discussed that because the Melinson Opinion was integral to the Complaint, the Court could consider the facts set forth therein. (Id.) Because the Court addressed the propriety of considering the Melinson Opinion, Fishman expresses mere disagreement with the Court's analysis on this particular point and does not set forth new information or precedent that the Court may have overlooked. Therefore, reconsideration on this ground is denied.[1]

---

[1] Schmidt is a decision that is easily distinguishable from the instant case. The documents at issue in Schmidt, a bankruptcy case, were "updates from [the liquidating trust] . . . and press

### B. The Court Did Not Err in Failing to Convert the Motion for Judgment on the Pleadings into One for Summary Judgment

Second, Fishman argues that by considering Arbitrator Melinson's opinion, the Court committed error by "refusing to convert the Motion for Judgment on the Pleadings to one for summary judgment," citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997).  Fishman's argument is unavailing because In re Burlington Factory held a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." 114 F.3d 1410, 1426 (emphasis original).  Here, the Court considered this holding in its Opinion.  Again, the Court addressed In re Burlington Coat Factory and found that the Melinson Opinion was integral to and explicitly relied upon by Plaintiff in the Amended Complaint, and thus conversion into a motion for summary judgment was unnecessary.  See Spector Gadon & Rosen, P.C., 2015 WL 1455692, at *6 n.6.

### C. The Motion for Judgment on the Pleadings Could Be Decided Without Consideration of Claim Preclusion

Finally, Fishman argues as follows:

> Even if this Honorable Court upon reconsideration holds the arbitrator's order reviewable upon a Motion for Judgment on the Pleadings without converting that Motion to one for summary judgment (denied), this Honorable Court additionally erred by inculcating the arbitrator's findings of fact as here effectively claim preclusive.  Said differently, even if the Order is reviewable (denied), the Findings of Fact giving rise to that Order: (1) are not admissible upon a Motion for Judgment on the Pleadings; and (2) even if they were (denied), those Findings of Fact are not claim preclusive.  Indeed those Findings of Fact are not even

---

releases from the acquiring companies that the defendants attached to their motions to dismiss."  Id. at 249 (internal citation marks omitted).  The Third Circuit concluded that although these attached documents helped plaintiff ascertain injury, they were not integral to the complaint because the complaint "was not 'based' on press releases or updates from the liquidation trust, but rather on sales transactions."  Id. at 249-50.  In this case, however, in deciding Defendants' Motion for Judgment on the Pleadings, the Court held that Fishman's claim was based on the conclusion and factual contents of the Melinson Opinion, rendering any comparison to the outcome in Schmidt inapposite.

>admissible at any point in proceedings (even at trial)—let alone upon a Motion for Judgment on the Pleadings.

(Doc. No. 52 at 3-4 (citations omitted)).

In support of this argument, Fishman cites no relevant authority for the proposition that claim preclusion would apply in considering whether a document is incorporated in a complaint that is challenged at the motion for judgment on the pleadings stage. Fishman does cite and rely upon Werner v. Plater-Zybeck, 799 A.2d 776 (Pa. Super. Ct. 2002); Kegerise v. Susquehanna Township School District, No. 1:cv-14-0747, 2015 WL 106528, at *15 (M.D. Pa. Jan. 7, 2015); and Finney v. Royal Sun Alliance Insurance Co. (In re Finney), 184 F. App'x 285, 288 n.2 (3d Cir. 2006). However, these cases are distinguishable.

In Kegerise and Werner, the courts held that the availability of Federal Rule of Civil Procedure 11 sanctions in an underlying federal court proceeding did not preclude a party from pursuing wrongful use of civil proceedings claims in a subsequent action. See Kegerise, 2015 WL 106528, at *15; Werner, 799 A.2d at 785. Moreover, in Finney, a debtor in a bankruptcy case brought claims against his homeowner's insurance policy under Pennsylvania law for wrongful use of civil proceedings and abuse of process. 184 F. App'x at 285, 287-88. The defendant insurance company argued the debtor was attempting to relitigate allegations about the policy's bad faith clause in denying one of debtor's claims, an issue that was previously litigated. Id. The Third Circuit rejected the insurance company's issue preclusion argument because the issue of bad faith decided in the prior action was not identical to the debtor's two claims for wrongful use of civil proceedings and abuse of process. Id. at 288 n.2. These cases are inapplicable because they do not concern the incorporation of documents integral to or explicitly relied on in a complaint at the motion for judgment on the pleadings stage.

6

## IV. CONCLUSION

In the foregoing three arguments, Fishman has failed to offer any new legal justification that renders the Court's opinion on the Motion for Reconsideration a manifest error of law. Accordingly, the Motion for Reconsideration will be denied. An appropriate Order follows.